**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DANIEL SEMOTUK,

                        Plaintiff,

            v.                              CASE NO. 12-3255-SAC

SECRETARY OF CORRECTIONS, et al.,

                        Defendants.


**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action while incarcerated in the Johnson County Adult Detention Center. He proceeds pro se and seeks leave to proceed in forma pauperis.

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. § 1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to

relief," the matter should be dismissed. *Id*. at 558.

Plaintiff sues six employees of the Kansas Department of Corrections, alleging that they have "denied [him] fair and equal treatment … by imposing harsher punishments than the law allows others similarly situated to be and than the sentencing Judge Ordered." (Doc. 1, p. 2.)

The court liberally construes this matter as a challenge to the execution of plaintiff's sentence. The sole federal remedy for such a claim is a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504, (1973). Before plaintiff may bring a federal habeas corpus action, he must exhaust available state court remedies. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002)("A habeas petitioner is 'generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.'")(quoting *Montez v. McKinna*, 208 F.3d 82, 866 (10th Cir. 2000)).

Finally, to the extent plaintiff asserts constitutional violations against state employees for their acts related to the allegedly unlawful execution of his sentence, his claim for damages is subject to dismissal as premature. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997)(quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Because a judgment in favor of plaintiff on his claim concerning the execution of his sentence would imply the invalidity of his continuing incarceration, this matter, if construed as a complaint under § 1983, would be subject to dismissal as premature.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is liberally construed as a petition for habeas corpus and is dismissed without prejudice.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 18th day of March, 2013, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge